## DONNELL *v.* BROCKMAN.

## Opinion delivered February 15, 1915.

1. ELECTRICITY—READINESS TO SERVE—MINIMUM CHARGE.—A city ordinance, which provides that where a meter is used in the service of illuminating electricity, the rate charged shall not exceed fifteen cents per kilowatt, does not prohibit a consumer from contracting with the light company that the consumer will pay a rate per month of $1.50, as a minimum fee or readiness to serve charge, whether an amount of electricity of that value be used or not.

2. EVIDENCE—ELECTRICITY—MINIMUM CHARGE.—A city ordinance provided that consumers of electricity could be charged only at the rate of fifteen cents per kilowatt in the event a meter was used. Defendant, who supplied electricity, fixed a minimum rate of $1.50 per month, irrespective of the amount of electricity used. In an action to collect the charge of $1.50, where defendant claimed the charge to be in violation of the ordinance, evidence that such a rule and regulation had been in force since the establishment of the light plant was admissible.

Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

George Brockman brought this suit against John Donnell, in the justice court in Franklin County to recover $1.50 for electric light service for the month of June, 1914. From the judgment against him, he appealed to the circuit court, where upon trial the court instructed a verdict in his favor, from which this appeal comes.

It appears that the appellee is the owner of the electric light plant at Ozark, which supplies that town, Altus and Denning. He purchased the same at a receiver's sale.

He testified that he was charging the same rates to all consumers and following the regulations prescribed by his predecessors in the operation of the light plant; that he charged $1.50 to all persons upon meters, a minimum fee or readiness to serve charge, whether the amount of electricity consumed at the prescribed rate equaled that or not. The manager and owners of the light plant before him, as well as the receiver, testified that they had charged the same uniform price to all consumers of electricity where meters were installed. This testimony was objected to as incompetent.

The appellant himself testified that he had installed lights and a meter in his home when it was constructed about seven years before, and that he had always paid the price charged him, which was a minimum of $1.50 per month, without regard to whether the electricity consumed equaled that amount at the prescribed rate; that he paid this charge supposing it was being made in accordance with the ordinance of the city granting the franchise, until 1914, when he learned of the provisions of the ordinance and refused to pay the charge of $1.50 per month, and was willing to pay only fifteen cents per kilowatt for the electricity shown to be consumed by the meter.

The franchise was introduced in evidence and shows the maximum price allowed to be charged per month for sixteen candle-power lights, $1 each; two lights, $1.50; three lights, $1.80, and four lights or more in one building, price not to exceed fifty cents per month each. Section 6 provides: "The use of an electric meter may be agreed upon by and between the said company and the consumer, and when such meter is used, the rate shall not exceed fifteen cents per kilowatt."

Appellant had nearly twenty lights in his home, according to the statement of appellee, and about nine or ten, according to his own statement.

*Sam R. Chew,* for appellant.

The ordinance introduced in evidence was the law and the contract between appellant and appellee, and was the sole means by which the amount appellant owed could be ascertained. 5 Ark. 595; 24 Ark. 96; 30 Ark. 128; 31 Ark. 494; 70 Ark. 300.

*J. D. Benson,* for appellee.

By section 6 of the ordinance, the basis upon which a consumer may have a meter is left open for agreement between the parties, the only limitation being that the rate shall not exceed fifteen cents per kilowatt. Such being the case, if a consumer desires to use a meter, the company has the right to fix the terms and conditions upon which it will agree to the use of the meter, and to

fix a reasonable minimum rate therefor. 15 Cyc. 470; 91 Ark. 89; 59 Ark. 344; 70 Ark. 481.

KIRBY, J., (after stating the facts). It is insisted that the court erred in directing a verdict for appellee, and in permitting the introduction of testimony of the former owners of the plant, showing the uniform collection of the minimum fee or readiness to serve charge of all consumers using meters.

Appellant had nearly twenty lights in his home, which at the flat rate would have cost him fifty cents per month, each, and by the terms of the ordinance the use of a meter could be agreed upon between the consumer and the company, "and when such meter is used, the rate shall not exceed fifteen cents per kilowatt." Of course, appellant was bound by the terms of his franchise, and could not make a higher charge for electricity than that fixed therein, under the terms prescribed. It is a well-nigh universal custom, however, for operators of electric lighting plants to establish and demand a minimum service fee, or readiness to serve charge of all consumers using meters.

(1) The ordinance by its terms authorizes the parties to agree upon the use of a meter, and provides when such meter is used the rate charged shall not exceed fifteen cents per kilowatt. It is also true that under the terms of the ordinance, if no meter was used, appellant would have been required to pay a much greater sum per month for the lights in his house than the amount demanded by appellee. The franchise permits the parties to agree upon the use of a meter, and although it limits the rate to be charged for electricity consumed when a meter is used, to not exceeding fifteen cents per kilowatt, it does not prohibit the right to contract or agree to pay so much per month as a minimum fee or a readiness to serve charge for the use of the meter, nor to agree that the consumer will pay for so much electricity each month at the prescribed rate, whether that amount be consumed or not. Any such agreement would not conflict with the provisions of the ordinance limiting the rate to be charged to not exceeding fifteen cents per kilowatt.

(2) The testimony of all the operators of the plant from its construction, shows the collection of this uniform monthly price demanded of appellant, which conduces to show that he agreed to pay such service charge, and was competent for that purpose. He, in fact, admitted that such was the agreement which he had performed for years and the testimony could not have been prejudicial in any event.

In *Little Rock Ry. & Elec. Co.* v. *Newman,* 91 Ark. 91, the court construed an act of the Legislature requiring gas and electric companies to furnish meters free of charge with tables of prices charged per thousand units for commodities consumed to be based upon readings of the meter, and held that the act did not prohibit the companies from making a minimum charge per month where meters were installed for readiness-to-serve, saying, "The Legislature did not intend to compel the company to put in a meter and hold itself in readiness to serve for all who used none of the commodity to be supplied, and the language of the act does not warrant the construction that the fixing of the minimum charge was to be forbidden. * * * The fact that the charge for meters is expressly forbidden negatives, under the maxim *expressio unius est exclusio alterius,* any intention to forbid any other charge uniformly made against all patrons using the same quantity of the commodity."

"A regulation of the charges for such service should be just to the company, as well as to all patrons, so as to allow compensation to the former and reasonable, uniform rates to the latter, according to the amount of the commodity consumed. One class of patrons should not be favored at the expense of another."

The testimony shows the operation of the light plant herein had never been a paying, but was a losing, proposition.

There being no prohibition of the right to contract for a minimum monthly charge for the use of the meter, nor to agree to pay for a minimum amount of electricity at the prescribed rate, and the testimony being undisputed that such contract was made and performed for a

long period, appellant can not insist upon the use of the lights without the payment of such charge.

No error was committed in instructing the verdict, and the judgment is affirmed.